**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALEB SANCHEZ, by and through his guardian ad litem, ELAINE SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>        Defendant. | NO. CV 04-08000-SS<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Caleb Sanchez, a minor child, seeks review of Defendant's decision denying him disability benefits, having filed a Complaint by and through his mother, Elaine Sanchez, on September 29, 2004.[1] Plaintiff is represented by Marc V. Kalagian, Esq. Defendant is represented by Assistant United States Attorney Cedina M. Kim. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

---

[1] Although this action was brought by Elaine Sanchez, the Court refers to Caleb Sanchez as Plaintiff because he is the real party in interest.

This matter is before the Court on the parties' Joint Stipulation that was filed on August 1, 2005. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**PROCEDURAL HISTORY**

On August 1, 2001, Plaintiff, then six days old, filed an application for Supplemental Security Income disability benefits through his mother, who alleged that Plaintiff had been born without a left hand. (Administrative Record ("AR") 62-65, 89). The Social Security Administration (the "Agency" or "Commissioner") denied Plaintiff's claims for benefits on September 27, 2001. (AR 27, 41-44). The Agency found that Plaintiff's condition did not cause marked and severe functional limitations. (AR 41). Pursuant to the Agency's "test modifications" to the disability determination process, the reconsideration step of the administrative review process was eliminated. 20 C.F.R. § 416.1406(b)(4). Plaintiff therefore requested a hearing by an Administrative Law Judge ("ALJ"). (AR 45).

A hearing before ALJ Edward D. Steinman was conducted on November 19, 2002, at which Plaintiff's mother appeared with counsel and testified. (AR 49-52, 195-203). On February 14, 2003, ALJ Steinman issued a decision denying benefits. (AR 29-37). Plaintiff sought review of this decision before the Appeals Council. (AR 53-56). On June 27, 2003, the Appeals Council granted review and remanded Plaintiff's case for further proceedings. (AR 57-59). In its order of remand, the Appeals Council noted that the ALJ's decision referred to

a report from Plaintiff's treating physician that was absent from the record. (AR 58). The Appeals Council directed the ALJ to obtain this report on remand and also to obtain evidence from a medical expert. (AR 58-59).

On October 30, 2003, ALJ Edward P. Schneeberger held a pre-hearing conference to review the details of the Appeal Council's remand. (AR 60-61, 204-32). On March 15, 2004, he conducted a final hearing on Plaintiff's claim for benefits, at which a medical expert appeared and testified. (AR 22-25, 233-55).

ALJ Schneeberger issued a decision denying benefits on April 29, 2004. (AR 11-20). Plaintiff again sought review by the Appeals Council. (AR 10, 193-94). On July 16, 2004, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR 6-9). Plaintiff commenced the instant action on September 29, 2004.

**THE THREE-STEP CHILD DISABILITY SEQUENTIAL EVALUATION PROCESS**

Under Title XVI of the Social Security Act, a child under the age of eighteen is "disabled" if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); see also Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000). To decide whether a child is entitled to SSI benefits on the basis of disability,

an ALJ conducts a three-step inquiry. 20 C.F.R. § 416.924. The steps are:

    (1)   Is the child engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

    (2)   Is the child's impairment or combination of impairments severe? If not, the claimant is found not disabled. If so, proceed to step three.

    (3)   Does the child's impairment(s) meet, medically equal, or functionally equal an impairment in the Listing of Impairments ("Listing") described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, the claimant is found not disabled.

20 C.F.R. § 416.924(a).

A claimant "meets" a listed impairment if his own impairments match those described in that Listing. 20 C.F.R. § 416.925. A claimant "medically equals" a listed impairment if he demonstrates medical findings related to his own impairment that are of equal medical significance to the listed one. 20 C.F.R. § 416.926(a). A claimant "functionally equals" a Listing if his impairments result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.[2] 20 C.F.R. § 416.926a(a). There are six domains of functioning that the ALJ considers in determining functional

---

    [2] "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1).

equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for onself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

## THE ALJ'S DECISION

At the first step of the sequential evaluation process, the ALJ observed that Plaintiff had not engaged in substantial gainful activity at any time.  (AR 14-15).  Next, the ALJ found that Plaintiff had the medically determinable impairment of agenesis of the left hand,[3] which was severe.[4]  (AR 15).  At the third and final step, the ALJ found that Plaintiff's impairment did not meet or equal (medically or functionally) any Listing.  (AR 15-19).  Accordingly, the ALJ determined that Plaintiff was not disabled.  (AR 19).  In doing so, the ALJ rejected the opinions of Plaintiff's treating physician and the medical expert who testified at the hearing.  (AR 15-16).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error

---

[3] Agenesis is the absence or failure of formation of any part. Stedman's Medical Dictionary 34 (27th ed. 2000).

[4] For a child, an impairment is severe if it is more than a slight abnormality that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c).

5

or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Among Plaintiff's arguments is that the ALJ improperly rejected the medical expert's opinion that Plaintiff's impairment functionally equaled Listing 101.02B, which is entitled "Major dysfunction of a joint(s) (due to any cause)" and falls under the Listings that are applicable to children. Because remand is required on this basis alone,

it is not necessary for the Court to address Plaintiff's remaining arguments.

As the ALJ indicated in his decision, Plaintiff was born without a left hand, and the medical evidence of record clearly reflects this impairment. (AR 111, 113, 118, 119, 134, 144, 145). One of the express purposes for the Appeals Council's remand was for the ALJ to obtain evidence from a medical expert as to whether Plaintiff's impairment equaled a Listing. (AR 58-59, 60-61).

At the hearing, Dr. Daniel Wiseman testified as a medical expert. (AR 247-53). Dr. Wiseman opined that Plaintiff's impairment functionally equaled Listing 101.02B. (AR 248, 252-53). This Listing is defined as follows: "Involvement of one major peripheral joint in each upper extremity (*i.e.,* shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in [Listing] 101.00B2c."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 101.02B. Listing 101.00B2c defines "inability to perform fine and gross movements effectively" as "an extreme loss of function of both upper extremities; *i.e.,* an impairment that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 101.00B2c.

The ALJ found that Plaintiff's impairment did not medically equal Listing 101.02B because it did not exist in both of his upper extremities, as contemplated by the Listing, or result in "multiple body dysfunction," as described in Listing 110.07A. (AR 16). He also found

1  that Plaintiff's impairment did not functionally equal Listing 101.02B,
2  thereby rejecting Dr. Wiseman's opinion to the contrary.  (AR 17-19).

4       As previously noted, an impairment is considered "functionally
5  equivalent" if the claimant has marked limitation in two areas or
6  extreme limitation in one area.  Howard ex rel. Wolff v. Barnhart, 341
7  F.3d 1006, 1012 (9th Cir. 2003) (citing 20 C.F.R. § 416.926a(b)(2)).
8  As also noted earlier, there are six areas, or "domains," of functioning
9  that the ALJ considers in determining functional equivalence: (1)
10 acquiring and using information, (2) attending and completing tasks, (3)
11 interacting and relating with others, (4) moving about and manipulating
12 objects, (5) caring for oneself, and (6) health and physical well-being.
13 20 C.F.R. § 416.926a(b)(1).

15      Though the ALJ cited these factors, his rejection of Dr. Wiseman's
16 opinion (that Plaintiff functionally equaled Listing 101.02B) was
17 inadequate because he did not ask Dr. Wiseman about them and concluded
18 only that Dr. Wiseman's testimony "center[ed] around the psychological
19 barriers facing the claimant."  (AR 18).  Most of Dr. Wiseman's
20 testimony, however, focused on the physical limitations stemming from
21 Plaintiff's impairment. (AR 247-52).  Only Dr. Wiseman's final comment,
22 delivered in response to the ALJ's questioning, concerned the "social
23 impact" of the impairment.  (AR 253).  Accordingly, the Court concludes
24 that the ALJ's evaluation of Dr. Wiseman's opinion regarding functional
25 equivalence is not supported by substantial evidence.
26 \\\
27 \\\
28

Additionally, and of equal importance, the Court notes that the ALJ expressly relied on Dr. Wiseman's unfamiliarity with three functionally-impaired athletes as a basis for discounting Dr. Wiseman's opinion. (AR 19). In his decision, the ALJ noted that "[a]t the hearing, the medical expert had not heard of Pete Gray, Jim Abbot, or Mert McCann," all of whom the ALJ cited as examples of athletes who had excelled in college or professional sports (baseball and football) without the use of a left hand or limb. (AR 19, 253). In his decision, the ALJ detailed the experiences of these athletes in support of his assertion that the absence of a left hand alone did not automatically render an individual disabled under Social Security guidelines. (AR 19). By doing so, and as Plaintiff urges, the ALJ improperly went outside the record in assessing Plaintiff's condition. Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (stating that social security hearing officer impermissibly went outside the record to medical textbooks for purposes of making his own assessment of claimant's physical condition) (citation omitted); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (observing that it is erroneous for ALJ to rely on evidence not in the record) (citation omitted); Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (holding that ALJ's speculation about jobs that claimant could perform was impermissibly based on information outside the record).

In sum, because the ALJ did not properly evaluate the medical expert's opinion that Plaintiff's impairment functionally equaled a Listing, this case should be remanded. On remand, the ALJ shall re-evaluate Dr. Wiseman's opinion and also further develop the record as necessary. At the time of the hearing, Plaintiff had received a

prosthesis for his left arm and had yet to undergo therapy for its use. (AR 176, 242-44). On remand, the record should be developed in this respect.

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g),[5] IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings consistent with this decision. The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 8, 2005.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　SUZANNE H. SEGAL
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[5] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."